**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| STC.UNM,<br><br>     Plaintiff,<br><br>v.<br><br>D-LINK CORPORATION,<br><br>     Defendant. | CIVIL ACTION NO. 6:20-cv-143-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
(application pending)
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
Corey M. Lipschutz (Texas 24099303)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
wellerman@shorechan.com
clipschutz@shorechan.com

**COUNSEL FOR PLAINTIFF STC.UNM**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................................... 1

II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE ............................... 1

III. ARGUMENT ............................................................................................................................ 3

    A.    Alternative service of process is justified for the Taiwan-based defendant. ............. 4

    B.    The proposed means of service are not prohibited by international agreement or Taiwanese law. ................................................................................................... 5

    C.    The proposed means of service satisfy due process. ............................................. 6

    D.    Service under Taiwanese law would be time-consuming and expensive and will complicate and multiply the proceedings. .................................................... 7

    E.    STC.UNM's proposed alternative service under Rule 4(f)(2)(C)(ii) and 4(f)(3). ........ 9

IV. CONCLUSION ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES:**

*Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS,
    2014 WL 11342502 (W.D. Tex. Jul. 2, 2014) ................................................................. 4, 6, 7

*Baker Hughes Inc. v. Homa*,
    No. H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ................................................ 7

*Emine Tech. Co. v. Aten Int'l. Co.*,
    No. C 08-3122 PJH, 2008 WL 5000526, at *3 (N.D. Cal. Nov. 21, 2008) ................................ 5, 7

*Fundamental Innovation Systems Intl., LLC v. ZTE Corp.*,
    No. 3:17-CV-01827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018) ................................... 7

*Gramercy Ins. Co. v. Kavanagh*,
    No. 3:10-CV-1254, 2011 WL 1791241 (N.D. Tex. May 10, 2011) ......................................... 4

*In re GLG Life Tech Corp. Sec. Litig.*,
    287 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................................ 6, 7

*In re LDK Solar Securities Litigation*,
    2008 WL 2415186 (N.D. Cal., June 12, 2008) ...................................................................... 6

*In re TFT-LCD*,
    270 F.R.D 535 (N.D. Cal. 2010). ........................................................................................... 7

*Lisson v. Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) .................................................................................... 6

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ............................................................................................................. 4, 7

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) .............................................................................................. 6

*STC.UNM v. Apple Inc.*,
    Case No. 6:19-cv-428-ADA, Dkt. 27 (W.D. Tex. November 3, 2019) ................................. 6

*STC.UNM v. Taiwan Semiconductor Mfg. Co.*,
    No. 6:19-cv-261-ADA, Dkt. 13 (W.D. Tex. May 29, 2019) ................................................ 6

*Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*,
    No. 2:19-cv-185-JRG, 2019 WL 4039917, (E.D. Tex. Aug. 27, 2019) ................................. 6

*West v. Velo Enter. Co., Ltd.*,
    No. 5:13-CV-00024-OLG, 2013 WL 12086781 (W.D. Tex. Aug. 29, 2013) ...................... 5

*WorldVentures Holdings, LLC v. Mavie*,
    No. 4:18-CV-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ........................................ 4

**STATUTES:**

35 U.S.C. § 315 ................................................................................................................... 5, 8, 9

**RULES:**

FED. R. CIV. P. 4 ..................................................................................................................*passim*

Pursuant to Federal Rule of Civil Procedure 4(f)(2), 4(f)(3), and 4(h)(2), Plaintiff STC.UNM respectfully moves the Court for leave to serve the summons and complaint on foreign defendant D-Link Corporation ("D-Link")—a Taiwanese company—through registered mail and through its California subsidiary, D-Link Systems, Inc. For good cause, STC.UNM respectfully shows as follows.

## I. PRELIMINARY STATEMENT

STC.UNM is a New Mexico nonprofit research park corporation formed, owned, and controlled entirely by the Board of Regents of the University of New Mexico ("UNM"). UNM is a public educational institution based in Albuquerque, New Mexico and serves as the State of New Mexico's flagship research institution. UNM serves over 25,000 students and comprises over 1,700 faculty members at its main campus in Albuquerque and branch campuses in Gallup, Los Alamos, Rio Rancho, Taos, and Los Lunas, New Mexico. Over the past 20 years, UNM researchers have disclosed over 1,700 new inventions resulting in the issuance of over 500 United States patents.

STC.UNM's mission includes nurturing inventions researched and developed at UNM, promoting technological collaboration between UNM and other universities and research institutes, and catalyzing economic development in and for the State of New Mexico. STC.UNM furthers its mission by licensing its inventions and, if necessary, enforcing its intellectual property rights. STC.UNM reinvests licensing proceeds into continued research and development at UNM, for the benefit of the State of New Mexico and the rest of the United States.

## II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE

STC.UNM filed its Original Complaint for Patent Infringement and Jury Demand on February 24, 2020, alleging D-Link's infringement of United States Patent Numbers 8,249,204, 8,565,326, and 8,265,096 (collectively the "patents-in-suit"). STC.UNM alleges that D-Link manufactures, imports, and sells a number of infringing products in the United States, namely wireless communications

equipment and wireless routers.[1]

D-Link is a Taiwanese company, with its principal place of business located at No. 289, Sinhu 3rd Rd., Neihu District, Taipei, Taiwan. Although D-Link does not maintain a registered agent in the United States, it operates a number of "International Offices," including a U.S. subsidiary office located in Fountain Valley, California.[2] The Fountain Valley Office is depicted in D-Link's 2018 Annual Report as one of a handful of D-Link offices around the world:



D-Link operates its Fountain Valley office through a subsidiary company called D-Link Systems, Inc. ("D-Link Systems").[3] Upon information and belief, D-Link Systems performs marketing and after-sales service for D-Link's products (including the Accused Instrumentalities) sold in the United States. As indicated in the 2018 Consolidated Financial Statements of D-Link and its subsidiary companies, D-Link Systems is a wholly owned subsidiary of D-Link[4]:

---

[1] The "Accused Instrumentalities" are listed and described in Plaintiff's Original Complaint for Patent Infringement (Dkt. 1 at ¶ 37).
[2] *See* D-Link 2018 Annual Report, attached hereto as Exhibit A.
[3] *Id.* at 9.
[4] *Id.* at 53.

11
## D-LINK CORPORATION AND SUBSIDIARIES
### Notes to the consolidated financial statements

| Name of investor | Name of subsidiary | Principal activity | Shareholding December 31, 2018 | Shareholding December 31, 2017 | Note |
|---|---|---|---|---|---|
| The Company | D-Link Japan K.K. (D-Link Japan) | Marketing and after-sales service | 100.00 % | 100.00 % | |
| The Company | D-Link Investment Pte. Ltd. (D-Link Investment) | Investment company | 100.00 % | 100.00 % | |
| The Company and D-Link Holding | D-Link Sudamerica S.A. (D-Link Sudamerica) | Marketing and after-sales service | 100.00 % | 100.00 % | |
| The Company and D-Link Holding | D-Link Brazil LTDA (D-Link Brazil) | Marketing and after-sales service | 100.00 % | 100.00 % | |
| The Company | D-Link Latin America Company Ltd. (D-Link L.A.) | Marketing and after-sales service | 100.00 % | 100.00 % | |
| The Company and D-Link Sudamerica | D-Link Mexicana S.A de C.V (D-Link Mexicana) | Marketing and after-sales service | 100.00 % | 100.00 % | |
| The Company and D-Link Holding | D-Link Systems, Inc. (D-Link Systems) | Marketing and after-sales service | 100.00 % | 97.76 % | Non-controlling interest decrease in July 2017 |

Pursuant to a Statement of Information filed with the California Secretary of State on February 4, 2020, D-Link Systems's registered agent for service of process is Brett S. Adair, 17595 Mt. Herrmann Street, Fountain Valley, California 92708.[5] In order to minimize time and expense and to alleviate STC.UNM's concerns regarding the start of the one-year clock for filing *inter partes* review ("IPR") petitions, an alternative means of service through registered mail to D-Link in Taiwan, or by service upon D-Link Systems's registered agent in the United States is warranted.

### III. ARGUMENT

Federal Rule of Civil Procedure 4(h) governs service of foreign corporations and it refers to Rule 4(f) for serving a foreign corporation outside of the United States.[6] Under Rule 4(f), service upon a foreign corporation can be accomplished in several ways: (1) "by any internationally agreed means of service that is reasonably calculated to give notice" (*e.g.*, the Hague Convention); (2) in the absence of an international agreement, by means "reasonably calculated to give notice" prescribed by, or not contrary to, the "foreign country's law," including "*using any form of the mail that the clerk*

---

[5] A true and correct copy of D-Link Systems's Statement of Information for the California Secretary of State (filed February 4, 2020) is attached hereto as Exhibit B.
[6] FED. R. CIV. P. 4(h)(2).

*addresses and sends to the individual and that requires a signed receipt*" (*see* Fed. R. Civ. P. 4(f)(2)(A), (C)); (3) through letters rogatory (*see* Fed. R. Civ. P. 4(f)(2)(B)); or (4) by "*other means not prohibited by international agreement, as the court orders*."[7] "By its plain language and syntax, Rule 4(f)'s alternatives are not a last resort," nor are they any less favored than service under other subsections."[8] As this Court has held, "so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service," including effecting service on a foreign corporation's wholly owned U.S. subsidiary.[9] To comport with due process, the method of service crafted by the Court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[10]

### A. Alternative service of process is justified for the Taiwan-based defendant.

D-Link owns and operates a wireless networking device company in Taiwan which, by its very nature, maintains an active presence on the internet and interacts online with customers around the world, including those in the United States.[11] Taiwan is not a signatory to the Hague Convention,[12] and currently the United States does not recognize Taiwan's government as a sovereign state,[13]

---

[7] FED. R. CIV. P. 4(f)(1)-(3) (emphasis added).
[8] *Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *2 (W.D. Tex. Jul. 2, 2014) (Smith, J.) (internal quotations omitted); *see Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011) (Fitzwater, C.J.) ("Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under other subparts."); *see also WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *13-14 (E.D. Tex. Dec. 12, 2018).
[9] *Affinity Labs*, 2014 WL 11342502, at *1, *4 (emphasis original).
[10] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
[11] *See* https://us.dlink.com/en/company/about-dlink ("D-Link is a global leader in designing and developing networking and connectivity products for consumers, small businesses, medium to large-sized enterprises, and service providers.") (last visited March 9, 2020).
[12] The "Hague Convention" refers to *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6338.
[13] *See U.S. Relations With Taiwan, Bureau of East Asian and Pacific Affairs Fact Sheet, August 31, 2018*, U.S. DEPART. OF STATE, https://www.state.gov/r/pa/ei/bgn/35855.htm (last visited March 9, 2020).

which complicates matters for purposes of serving D-Link with process under "the foreign country's law." Added expense and delay aside, with various existing decisions from the Patent Trial and Appeal Board ("PTAB") and the absence of otherwise binding authority, it is unclear how a panel of three administrative judges would reconcile Taiwan's service of process law with Rule 4(f) if a dispute later arose regarding an IPR petition filed more than one year after D-Link is served. Given that patent law is fraught with traps for the unwary—especially when contemplated together with 35 U.S.C. § 315(b), the Federal Rules of Civil Procedure, and the laws of an unrecognized foreign country—this uncertainty is too great of a risk for STC.UNM. But this potential prejudice can be easily mooted.

"Rule 4(f) provides for a number of equally valid methods of service."[14] Significantly, because Rules 4(f)(2) and (3) independently allow alternative service as long as it is directed by the Court and not prohibited by international agreement or foreign law, it is not necessary for STC.UNM to first attempt service on D-Link through Taiwan's law before petitioning the Court for alternative relief under the rule. As explained below, neither of the methods STC.UNM proposes is prohibited by any international agreement or by Taiwan's own laws, and each of them comport with due process.

   B.  **The proposed means of service are not prohibited by international agreement or Taiwanese law.**

Taiwan is not a signatory to the Hague Convention nor is it a member of any other treaty related to international service of judicial documents like the summons and complaint. Thus, service of D-Link under Rule 4(f)(1) is not an option.[15] Under Rule 4(f)(2)(C)(ii), "unless prohibited by [Taiwan's] law," STC.UNM may serve D-Link in Taiwan "using any form of mail that the clerk addresses and

---

[14] *West v. Velo Enter. Co., Ltd.*, No. 5:13-CV-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013) (Garcia, J.).
[15] *See West*, 2013 WL 12086781, at *2 (noting that "Taiwan is not" a signatory to the Hague Convention); *Emine Tech. Co. v. Aten Int'l. Co.*, No. C 08-3122 PJH, 2008 WL 5000526, at *3 (N.D. Cal. Nov. 21, 2008) ("Rule 4(f)(1) cannot apply because Taiwan is not a signatory to the Hague Convention.").

sends to [D-Link] and that requires a signed receipt." Taiwanese law does not prohibit service by registered mail, and courts have therefore allowed this form of alternative service against Taiwanese defendants.[16] Indeed, in a related case brought by STC.UNM asserting the patents-in-suit, this Court allowed Apple to serve a third-party subpoena on a Taiwanese entity by both registered mail and by serving the entity's U.S. office.[17]

Additionally, district courts have routinely allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[18] And this Court has specifically allowed service upon Taiwanese entities through their subsidiaries or offices located in the United States.[19]

    C.    **The proposed means of service satisfy due process.**

Service by either registered mail or by serving D-Link's U.S. subsidiary will satisfy due process. In *Affinity Labs*, the court relied on Rule 4(f)(3) to effect service on a foreign corporation's whollyowned U.S. subsidiary, concluding that such service "meets the constitutional threshold of due process."[20] Due process requires that the method of service crafted by the Court provide

---

[16] *See Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-cv-185-JRG, 2019 WL 4039917, at *2 (E.D. Tex. Aug. 27, 2019) ("[T]he Court finds that Taiwanese law does not prohibit service of process by mail. . . . Therefore, [Plaintiff] may effectively serve [Defendant] via registered mail from this Court's Clerk under Rule 4(f)(2)(C)(ii).").
[17] *See STC.UNM v. Apple Inc.*, Case No. 6:19-cv-428-ADA, Dkt. 27 (W.D. Tex. November 3, 2019).
[18] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (acknowledging cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (allowing service of Chinese corporate executive through corporation's registered agent in United States); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (allowing service of six Chinese defendants through California subsidiary).
[19] *See STC.UNM v. Apple*, at Dkt. 27; *STC.UNM v. Taiwan Semiconductor Mfg. Co.*, No. 6:19-cv-261-ADA, Dkt. 13 (W.D. Tex. May 29, 2019); *Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *4 (W.D. Tex. Jul. 2, 2014) (Smith, J.)
[20] *Affinity Labs*, 2014 WL 11342502, at *4.

"reasonable notice and an opportunity to be heard."[21] This only requires that "[t]he means employed must be such as one desirous of actually informing the absentee. … The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected."[22] Here, either of STC.UNM's requested methods of service, standing alone, would be sufficient to satisfy due process—together, they will be more than sufficient to apprise D-Link of this action and to provide an opportunity to defend against it.

> D. **Service under Taiwanese law would be time-consuming and expensive and will complicate and multiply the proceedings.**

Other reasons support STC.UNM's request for alternative service. **First**, service under Taiwan's law would cause unnecessary delay and expense. As this Court and numerous others have held, "saving time and expense are valid reasons to request an alternative method of service."[23] In Taiwan, service of the summons and complaint must be administered by the clerk of a Taiwanese court with jurisdiction over D-Link.[24] Taiwanese law also allows a foreign party to request, by letters rogatory, the assistance of the courts of Taiwan in serving civil litigation documents.[25] But Chinese translations and verifications of the translations of letters rogatory and other pertinent service documents from the foreign lawsuit, including the summons and complaint, must be provided.[26] So effecting

---

[21] *Fundamental Innovation Sys. Int'l., LLC*, 2018 WL 3330022, at *5.
[22] *Mullane*, 339 U.S. at 315.
[23] *Affinity Labs*, 2014 WL 11342502, at *3; *see, e.g., In re GLG Life Tech*, 287 F.R.D. at 266 (ordering alternative service because "the length of time required for service under the Hague Convention, approximately six to eight months … may unnecessarily delay this case"); *Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J.) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service).
[24] *See Emine Tech.*, 2008 WL 5000526, at *3-4 (rejecting service upon Taiwanese corporation where personal service was attempted on an employee "because the Taiwanese Code explicitly requires the court clerk to administer service of process, 'except as otherwise provided'").
[25] *See In re TFT-LCD*, 270 F.R.D. 535, 537 (N.D. Cal. 2010) (rejecting Taiwanese corporation's argument that the plaintiff must first attempt to personally serve the company via the letter rogatory process at its Taiwan address and concluding that "service by letters rogatory [under Taiwanese law] is more expensive and time-consuming").
[26] *Id.* at 537-38.

service of process through the letters rogatory process is "time-consuming, expensive, and burdensome."[27]

**Second**, because service under Taiwanese law could take many months, it would thereby delay the start of D-Link's one-year clock for filing IPRs. And it could even create an argument for D-Link that an unrecognized foreign country's service of process law does not trigger § 315(b)'s time bar in any event. Several PTAB decisions justify STC.UNM's apprehension in this regard.

For instance, in *Amneal Pharmaceuticals, LLC v. Endo Pharmaceuticals Inc.*, Endo's preliminary response asserted that the IPR petition was time-barred.[28] On January 9, 2013, Endo sought leave to amend its first amended complaint, which the district court granted on January 14.[29] Three days later, Endo filed the second amended complaint—less than one year before Amneal's petition for IPR.[30] The PTAB framed the question as "whether service on January 9, 2013, of [Endo's] Motion to Amend Complaint, attaching a proposed 'Second Amended Complaint' as an exhibit, or the district court Order granting that Motion on January 14, 2013, constituted service of a 'complaint,' thereby triggering the one-year time bar under § 315(b)."[31] The PTAB found that service, via the district court's ECF system, of a motion with an attached amended complaint was at best service of a "proposed complaint" until the district court had granted leave for filing the amendment, because until then "[Amneal] was not yet a defendant in a lawsuit with respect to the '216 patent."[32] The PTAB also found that, "[Amneal] was not 'served with a complaint' for the purposes of § 315(b) when the district court granted [Endo's motion] on January 14, 2013" because "the Order did not indicate that the Second Amended Complaint was filed or served on [Amneal] as of January 14,

---

[27] *Id.* at 537 (indicating the translation costs could be nearly $10,000 and the process could take 4-7 months).
[28] IPR2014-00360, Paper 15 at 2 (P.T.A.B. June 27, 2014).
[29] *Id.*
[30] *Id.*
[31] *Id.* at 4.
[32] *Id.* at 8-9.

2013."[33] Weighing the effect of the district courts' local rules, the Federal Rules of Civil Procedure, and other authority, the PTAB held that it was not until Amneal "was brought under a court's authority by formal process, and became obliged to engage in litigation in relation to the '216 patent, on January 17, 2013, when [Endo] *actually filed* its Second Amended Complaint, and not beforehand" did § 315(b)'s time period being to toll.[34]

In *Motorola Mobility, LLC v. Michael Arnouse*, the PTAB interpreted "service" under § 315(b) narrowly to allow institution. Even though Arnouse filed a complaint more than a year before the IPR petition, he "did not provide Motorola with a summons when he sent the complaint."[35] Arnouse argued that the word "served" in § 315(b) means "to deliver" or "to present a person notice," and the phrase "'served with a complaint' means to be provided a copy and receive actual notice of a filed complaint for patent infringement."[36] However, the PTAB interpreted it narrowly to require a summons, meaning Motorola's one-year clock to file an IPR had not yet started, and thus Motorola's petition was allowed.

Because service under Taiwanese law would be unreasonably time-consuming, expensive and stands to complicate issues regarding proper service for purposes of calculating IPR deadlines, STC.UNM's request for alternative service should be granted.

### E. STC.UNM's proposed alternative service under Rule 4(f)(2)(C)(ii) and 4(f)(3).

STC.UNM seeks to serve D-Link using the following two methods contemporaneously:

1. Sending the complaint and other required materials by a form of mail that the clerk addresses that requires a signed receipt to D-Link Corporation's headquarters at No. 289, Sinhu 3rd Rd., Neihu District, Taipei, Taiwan; and

2. Sending the complaint and other required materials to the registered agent for service of process for D-Link's United States subsidiary, D-Link Systems, Inc., by courier using the same postal address listed in D-Link Systems, Inc.'s February 4, 2020

---

[33] *Id.* at 9.
[34] *Id.* at 9-10 (internal quotations omitted) (emphasis added).
[35] IPR2013-00010, Paper 20 at 20 (P.T.A.B. Jan. 30, 2013).
[36] *Id.* at 2-3.

*Statement of Information* for the California Secretary of State: Brett S. Adair, 17595 Mt. Herrmann Street, Fountain Valley, California 92708.

Either of these methods would be sufficient alone to apprise D-Link of this action. Together, they are more than adequate to satisfy Rules 4(f)(2) and 4(f)(3).

### IV. CONCLUSION

For the foregoing reasons, STC.UNM respectfully asks the Court to grant this motion and enter an order approving alternative service of process on D-Link through registered mail and upon its United States subsidiary as proper under Rules 4(f)(2), 4(f)(3), and 4(h)(2).

Dated: March 11, 2020                  Respectfully submitted,

By:   /s/ *William D. Ellerman*
Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
(application pending)
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 418
Tyler, TX 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
Corey M. Lipschutz (Texas 24099303)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
wellerman@shorechan.com
clipschutz@shorechan.com

**COUNSEL FOR PLAINTIFF STC.UNM**