**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| UNM RAINFOREST INNOVATIONS, | Civil Action No. 6:20-cv-143-ADA |
|      Plaintiff, | |
|      v. | |
| D-LINK CORPORATION, | |
|      Defendant. | |

**<u>DEFENDANT D-LINK CORPORATION'S OPPOSED MOTION TO STAY PENDING
RESOLUTION OF PLAINTIFF'S STATE COURT ACTION REGARDING
OWNERSHIP OF THE PATENTS-IN-SUIT</u>**

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................................. 2

      A.      This Action........................................................................................................... 2

      B.      The New Mexico Action....................................................................................... 3

III. ARGUMENT ......................................................................................................................... 4

      A.      A Stay Will Not Prejudice Plaintiff, But D-Link Faces Significant Undue Prejudice Without One............................................................................................ 5

      B.      A Stay Pending Resolution Of The New Mexico Action Would Either Eliminate Or Substantially Simplify This Case.................................................................... 7

      C.      The Early Stage Of This Case Favors A Stay........................................................ 8

IV. CONCLUSION...................................................................................................................... 9

## TABLE OF AUTHORITIES

Cases

*Abraxis Bioscience, Inc. v. Navinta LLC,*
   625 F.3d 1359 (Fed. Cir. 2010) ............................................................................. 9

*Bilberry v. JPMorgan Chase Bank, N.A.,*
   No. No. 20-470-RP, 2021 WL 536440 (W.D. Tex. Jan. 13, 2021) ......................... 5

*Dwyer v. USAA Sav. Bank,*
   No. SA-17-CA-252-FB, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017) ................. 6

*Lone Star Silicon Innov. LLC v. Nanya Tech. Corp.,*
   925 F.3d 1225 ................................................................................................. 9, 10

*Profile Mfg., Inc. v. Kress,*
   22 F.3d 1106 .......................................................................................................... 5

*RMail Ltd. v. Amazon.com, Inc.,*
   No. 2:10-CV-258, 2014 WL 11394910 (E.D. Tex. Jan. 30, 2014) (granting
   stay pending California state action concerning patent ownership) ............... passim

*RPost Holdings, Inc. v. Exacttarget, Inc.,*
   No. 12-512-MHS-RSP, 2014 WL 12703780 (E.D. Tex. Sept. 29, 2014) .............. 10

*Sicom Sys., Ltd. v. Agilent Techs., Inc.,*
   427 F.3d 971 (Fed. Cir. 2005) ............................................................................... 9

*Soverain Software LLC v. Amazon, Inc.,*
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ............................................................... 5, 6

*UNM Rainforest Innovations v. ASUSTek Computer, Inc.,*
   No. 20-142-ADA, Dkt. No. 41 ................................................................................ 4

*UNM Rainforest Innovations v. Dell Technologies, Inc.,*
   No. 20-468-ADA, Dkt. No. 64 ............................................................................ 4, 8

*UNM Rainforest Innovations v. Industrial Technology Research Institute, et al.,*
   No. D-202-CV-2021-02803 ................................................................................... 1

*UNM Rainforest Innovations v. Zyxel Communications Corp.,*
   No. 20-522, Dkt. No. 54 ........................................................................................ 4

*Wedgeworth v. Fibreboard Corp.,*
   706 F.2d 541 (5th Cir. 1983) ................................................................................. 5

<u>Rules and Regulations</u>

Local Rule CV-7(i) ........................................................................................................................4

iii

## I.    **INTRODUCTION**

Defendant D-Link Corporation ("D-Link") respectfully moves to stay this case pending resolution of a state court action that Plaintiff recently filed in an attempt to clear the "cloud of title" that remains over all three patents that Plaintiff has asserted here: *UNM Rainforest Innovations v. Industrial Technology Research Institute, et al.*, No. D-202-CV-2021-02803 in the Second Judicial District Court of Bernalillo County, New Mexico ("the New Mexico Action"). The foundational issue of patent ownership should be decided before this nascent action proceeds, especially because a judgment adverse to Plaintiff in the New Mexico Action could render this action moot—the ultimate simplification of issues.  And a stay cannot prejudice Plaintiff, because Plaintiff itself initiated the New Mexico Action to decide the predicate issue of patent ownership.  Judicial economy clearly supports a stay in these circumstances.

The New Mexico Action will resolve whether Plaintiff lacks standing to bring this action because it does not own the three patents-in-suit or whether Plaintiff cannot maintain this action in its name alone due to the substantial ownership interests retained by the original assignee to the patents, the Industrial Technology Research Institute ("ITRI").  D-Link previously filed a Motion to Dismiss for Lack of Standing on these grounds.  *See* Dkt. Nos. 16, 28.  Although the Court denied D-Link's Motion to Dismiss by docket entry without a written opinion on February 9, 2021, Plaintiff subsequently filed the New Mexico Action on May 4, 2021 against ITRI and its General Counsel, Peng-Yu Wang, to try to clear title to the patents-in-suit.  Specifically, Plaintiff's Complaint in the New Mexico Action seeks, among other things: (1) a declaratory judgment of ownership of the three patents-in-suit; and (2) to quiet title with respect to the patents-in-suit.  Plaintiff admits in the New Mexico Complaint that there is a "cloud of title" and a "potential for uncertainty over ownership of the asserted patents."  Ex. A, New Mexico Compl., ¶¶ 66, 68.

The Court should therefore stay this case pending the outcome of the New Mexico Action because that action will decide whether Plaintiff has standing in this litigation.  Courts routinely stay patent infringement cases in favor of co-pending suits concerning patent ownership because resolving the threshold issue of ownership and standing: (1) can simplify issues or entirely moot the case; (2) avoids the risk of multiple (potentially inconsistent) suits; (3) avoids resulting prejudice to the alleged infringer; and (4) serves the interests of judicial economy.  *See, e.g.*, *RMail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-258, 2014 WL 11394910, at *5-6 (E.D. Tex. Jan. 30, 2014) (granting stay pending California state action concerning patent ownership).  In addition to those consideration, a stay here is especially warranted given that there is no countervailing prejudice to Plaintiff.  Plaintiff itself elected to initiate the New Mexico Action and thus cannot claim prejudice for having the ownership dispute resolved in its chosen venue. Furthermore, even if Plaintiff ultimately prevails in New Mexico, Plaintiff can seek to recover damages in this action for any alleged infringement during the period of the stay.  Accordingly, D-Link respectfully requests a stay of this action pending resolution of the New Mexico Action.

## II.     FACTUAL BACKGROUND

### A.     This Action

Plaintiff filed its Complaint purporting to allege infringement of U.S. Patent Nos. 8,249,204, 8,565,326, and 8,265,096 (the "patents-in-suit" or "asserted patents") on February 24, 2020.  Dkt. No. 1.  As acknowledged in the Complaint, ITRI is the "original patentee" of the asserted patents.  *Id*. at ¶¶ 19, 26, 33.  The Complaint further recognizes that ITRI assigned rights to the patents to Sino Matrix Technology, Inc. ("Sino Matrix"), which in turn assigned rights to the Plaintiff.  *Id*. at ¶¶ 20, 21, 27, 28, 34, 35.  In addition to moving to dismiss for lack of standing on December 22, 2020, as discussed above, D-Link later pleaded the affirmative

defense that Plaintiff lacks standing to bring this lawsuit in its Answer to Plaintiff's Complaint on February 23, 2021.  Dkt. No. 32 at 8-10.

This action is still in its early stages.  Plaintiff recently filed its opening claim construction brief on June 10, 2020, and the *Markman* hearing is currently scheduled for August 12, 2021, according to the draft Scheduling Order.  Dkt. No. 34-1.  Fact discovery does not open until August 13, 2021, and trial is scheduled for July 18, 2022.  *Id.*

**B.    The New Mexico Action**

In the New Mexico Action, Plaintiff alleges that a cloud of title and uncertainty over ownership exists with respect to the asserted patents.  *See* New Mexico Compl. ¶¶ 66, 68.  As in this action, Plaintiff alleges that ITRI was the original assignee of all right, title, and interest in the asserted patents.  *Id.* ¶¶ 26, 29, 32.  Plaintiff also acknowledges that ITRI and Sino Matrix executed a sales contract under which ITRI claims to have retained substantial interests in the asserted patents.  *Id.* ¶ 54.  Plaintiff alleges that it obtained its ownership interest in the asserted patents from Sino Matrix.  *Id.* at ¶¶ 41, 42.

ITRI's conflicting ownership claim, Plaintiff further alleges, has created a cloud of title, and Plaintiff therefore seeks declaratory relief to quiet title.  *Id.* ¶¶ 63-80.  For instance, Plaintiff alleges that "UNMRI's attempt to license the patents to other [alleged] infringers has been severely hindered and obstructed by the cloud of title[.]"  *Id.* ¶ 61.  Accordingly, Plaintiff alleges that an actual controversy exists regarding ownership of the asserted patents: "An actual controversy exists between the parties because ITRI has alleged it holds an ownership interest in the Assigned Patents owned by UNMRI, thereby creating a cloud of title and a potential for uncertainty over ownership of the Assigned Patents."  *Id.* ¶ 66.

Because this foundational patent issue that Plaintiff chose to raise in a separate venue should be decided before this case proceeds any further, D-Link respectfully brings this Motion

to Stay after confirming that Plaintiff opposes this relief during a conference on June 11, 2021, pursuant to Local Rule CV-7(i).  In addition to this Motion, D-Link understands that defendants in two related cases before this Court concerning the same asserted patents have also moved to stay pending the New Mexico Action.  *UNM Rainforest Innovations v. Dell Technologies, Inc.*, No. 6:20-cv-468-ADA, Dkt. No. 64; *UNM Rainforest Innovations v. ASUSTek Computer, Inc.*, No. 6:20-cv-142-ADA, Dkt. No. 41.  The defendant in the other related action pending before this Court has also requested a stay of proceedings pending resolution of this patent-ownership dispute.  *UNM Rainforest Innovations v. Zyxel Communications Corp.*, No. 6:20-cv-522-ADA, Dkt. No. 54.

## III.    <u>ARGUMENT</u>

"The district court has the inherent power to control its own docket, including the power to stay proceedings."  *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (same); *Bilberry v. JPMorgan Chase Bank, N.A.*, No. No. 20-470-RP, 2021 WL 536440, at *1 (W.D. Tex. Jan. 13, 2021) (same).  The Federal Circuit has affirmed that staying a patent case pending a state court action concerning patent ownership is appropriate.  *See, e.g., Profile Mfg., Inc. v. Kress*, 22 F.3d 1106 (Table), at *3-4 (Fed. Cir. 1994) (affirming grant of a stay pending resolution of parallel state court action regarding patent ownership).

In considering whether to stay patent cases pending resolution of parallel litigation over patent ownership, some courts have looked to the three factors originally developed in the context of considering whether to stay pending re-examination: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the plaintiff; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set.  *See, e.g.*, *Soverain*, 356 F. Supp. 2d at 662; *RMail*, 2014 WL 11394910, at *5-6;

4

*Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) (quoting *Soverain*, 356 F. Supp. 2d at 662).  However, considering whether to stay pending re-exam or IPR does not involve foundational standing issues and generally arises based on a *defendant's* decision of when to initiate such a proceeding.

Here, in contrast, Plaintiff controlled the filing and timing of the New Mexico Action. Considering these differences, courts have focused on the prudential considerations involved in the first and second stay factors (undue prejudice and judicial economy) and placed less weight on the third factor (stage of the litigation).  *See, e.g.*, *RMail*, 2014 WL 11394910, at *5-6 (ordering stay pending state action over patent ownership where first and second factors favored a stay, even though the case was within days of jury selection).

The Court should exercise its discretion to stay this case in view of Plaintiff's *own lawsuit* seeking to clear the cloud over title to the asserted patents because a stay to resolve Plaintiff's own action will not prejudice Plaintiff.  In contrast, without a stay, D-Link faces the risk of significant disadvantage, including repeated suits and wasted resources defending a case that Plaintiff may have no right to pursue.  The potential for simplification of the issues also strongly supports a stay because Plaintiff's New Mexico Action concerns a fundamental, threshold issue underlying this litigation that may moot the case entirely, thereby conserving both Court and party resources.  Lastly, this case is at an early stage because discovery has not even begun, let alone completed, and the trial date is more than a year away.  In this situation, prudence and judicial economy strongly support a stay.

### A.    A Stay Will Not Prejudice Plaintiff, But D-Link Faces Significant Undue Prejudice Without One.

Staying this action to allow Plaintiff to revolve, in its chosen forum, the issue of patent ownership—which Plaintiff alleges "severely hinder[s]" its ability to license the asserted patents

due to the "cloud of title" hanging over them (New Mexico Compl. ¶ 61)—would not prejudice Plaintiff. Plaintiff is "fully aware of the co-pending [New Mexico] case[]" and "clearly knew of the serious implications [that case] would have on the issue of patent ownership in the present action[.]" *RMail*, 2014 WL 11394910, at *6. As such, "a stay will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff[.]" *Id*. (also finding that the "failure to disclose such information [*i.e.*, the parallel state court action] seriously erodes [Plaintiff's] credibility before this Court").[1] Furthermore, if the New Mexico court determines that Plaintiff does not own the asserted patents, Plaintiff will not have to devote resources to prosecuting a litigation it has no right to pursue. On the other hand, if the New Mexico court determines that Plaintiff does own the patents, Plaintiff will not be precluded from seeking damages for any alleged infringement during the stay. Accordingly, there is no prejudice to Plaintiff.

D-Link would face substantial prejudice, however, by having to continue litigating this action while the parallel New Mexico Action over patent ownership proceeds. Again, if the New Mexico court finds that Plaintiff does not own the patents-in-suit, then Plaintiff does not have standing in this litigation, such that any resolution of this case (through trial or settlement) would be a complete waste of time and resources. This potential for waste and repeated proceedings constitutes undue prejudice for D-Link, which favors a stay. As the court in *RMail* put it:

> Allowing Plaintiffs to first litigate the state law ownership issues in California will streamline these cases and avoid unnecessary costs and efforts on behalf of all the parties. In fact, permitting these Texas cases to proceed creates a risk of undue prejudice to the Defendants by subjecting them to multiple suits should Plaintiffs not be found to be the rightful patent owners. The Court believes reason requires

---

[1] Even though Plaintiff filed the New Mexico Action on May 4, 2021, Plaintiff still has not informed this Court of it, and also had not done so by the time Defendant Dell filed a motion to stay in a related case. *UNM Rainforest Innovations v. Dell Technologies, Inc*., No. 20-468-ADA, Dkt. No. 64 at 2, n.1.

it to stay these cases so that the substantial cloud of uncertainty can
be cleared away.

*RMail*, 2014 WL 11394910, at *6 (emphasis added).

"Accordingly, the <u>first factor weighs heavily in favor of a stay</u>."  *Id*. (emphasis added).

## B.    A Stay Pending Resolution Of The New Mexico Action Would Either Eliminate Or Substantially Simplify This Case.

Plaintiff's contested ownership of the asserted patents is a threshold requirement for it to maintain this action, such that resolution of the New Mexico Action can completely resolve or substantially streamline this case. *See Sicom Sys., Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 975-76 (Fed. Cir. 2005) (ruling that standing is a threshold issue and that the "party bringing the action bears the burden of establishing that it has standing").  Plaintiff's clouded claim that it owns the patents-in-suit has been front-and-center in this litigation, including through D-Link's affirmative defense that Plaintiff lacks standing (a defense on which D-Link has not yet been able to pursue in discovery, as discovery is not open).  Dkt. No. 32 at 8-10.  If Plaintiff owns no interest in the asserted patents, then it does not have standing, such that this Court lacks jurisdiction and the case must be dismissed. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (quoting *Paradise Creations, Inc. v. UV Sales, Inc*., 315 F.3d 1304, 1309-10 (Fed. Cir. 2003)) ("[I]n a patent infringement action, 'the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert standing.").  If Plaintiff has some (but not all) interest in the patents, then the additional patent owners are necessary parties, and the case cannot proceed without them. *See Lone Star Silicon Innov. LLC v. Nanya Tech. Corp*., 925 F.3d 1225, 1236 (Fed. Cir. 2019) (finding for the first time that a plaintiff that possesses some but not all rights in the patent has constitutional standing, but still must join the patent owner).  Furthermore, if there are additional patent owners, then Plaintiff's New Mexico Action would resolve the identity of the necessary parties that would need to be

7

joined in this case.  *Id*. ("A necessary party who is subject to service of process and whose joinder will not otherwise destroy a court's subject-matter jurisdiction 'must be joined.'") (quoting Fed. R. Civ. P. 19(a)(1)).

Therefore, allowing the ownership dispute that Plaintiff initiated in the New Mexico Action to be resolved would streamline the issues in this litigation.  *See, e.g.*, *RPost Holdings, Inc. v. Exacttarget, Inc.*, No. 12-512-MHS-RSP, 2014 WL 12703780, at *3 (E.D. Tex. Sept. 29, 2014) (ruling that the "second factor weighs in favor of granting the stay" because "the entire instant action could be rendered moot should the California courts render final disposition of the ownership issue in a manner adverse to Plaintiffs"); *RMail*, 2014 WL 11394910, at *6 (finding that the "second factor similarly weighs in favor of a stay" because a "resolution in [the state court action] will either simplify the issues for trial or moot [this] action[] entirely"; rejecting plaintiff's argument "that even if they lose in [the state action] these cases can still proceed as normal by merely substituting the parties" because, if this case "is tried and the jury returns a plaintiff's verdict, it would be much too late to then substitute the parties").

Thus, even if Plaintiff is ultimately determined to be the sole owner of the asserted patents, a stay will still streamline the issues in this action.  *See id*.  For example, discovery of third party ITRI, and of Plaintiff concerning standing could be avoided or at least significantly simplified by allowing the New Mexico Action to decide the issue of patent ownership before continuing discovery in this case.  Adjudicating ownership issues in the New Mexico Action before proceeding further in this action would therefore conserve Court and party resources.  *See, e.g.*, *RMail*, 2014 WL 11394910, at *6 ("Considering the realities imposed by the co-pending litigations, the Court finds that its limited time and other resources would be better used by delaying trial of these cases as long as they rest upon such unsteady and shifting jurisdictional grounds.").  The second factor also strongly favors a stay.

**C.     The Early Stage Of This Case Favors A Stay.**

Although the parties have begun claim construction briefing, discovery in this case has not yet started and there is no Court-ordered trial date.  Therefore, the "early stage" of this litigation supports a stay.  *RMail*, 2014 WL 11394910, at \*6.  Furthermore, because standing issues are "fundamental" and jurisdictional weighs heavily in favor of a stay, even if this case was already at an advanced stage, which it is not.  *See id*. (ordering a stay based on pending state court ownership challenge just four days before jury selection).

## IV.     <u>CONCLUSION</u>

Because Plaintiff brought the New Mexico Action to litigate the issues of patent ownership in its chosen forum, Plaintiff would not be prejudiced by a stay of this case.  Furthermore, a stay would prevent the risk of significant undue prejudice to D-Link, including the risk of facing multiple (possibly inconsistent) lawsuits over the same patents.  A stay would also save significant Court and party resources because resolution of the ownership issue will either eliminate or simplify this case.  Accordingly, D-Link respectfully requests that this Court stay the present action pending resolution of the New Mexico Action.

June 17, 2021

Respectfully submitted,

By: ___/s/ Brian C. Nash_____

Brian C. Nash
Texas State Bar No. 24051103
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue, Suite 1700
Austin, TX  78701-3797
Telephone: 512.580.9600
Facsimile:  512.580.9601
Email: brian.nash@pillsburylaw.com

Christopher Kao (*pro hac vice*)
  christopher.kao@pillsburylaw.com
David J. Tsai (*pro hac vice*)
  david.tsai@pillsburylaw.com
Brock S. Weber (*pro hac vice*)
  brock.weber@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: 415.983.1000

*COUNSEL FOR DEFENDANT*
*D-LINK CORPORATION*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document has been served upon all counsel of record via the Court's ECF system on June 17, 2021.

*/s/ Brian C. Nash*_____
Brian C. Nash