# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| UNM RAINFOREST INNOVATIONS, | CASE NO. 6:20-CV-00468-ADA |
| *Plaintiff,* | |
| v. | JURY TRIAL DEMANDED |
| DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION, | |
| *Defendants.* | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY
PENDING RESOLUTION OF STATE COURT ACTION**

Plaintiff UNM Rainforest Innovations ("Plaintiff" or "UNM") files this Response to Defendants Dell Technologies, Inc., Dell Inc., and EMC Corporation's (collectively "Defendants" or "Dell") Motion to Stay Pending Resolution of Plaintiff's State Court Action Regarding Ownership of Asserted Patents (Dkt. No. 64) (the "Motion to Stay"), and responds as follows:

**I. BACKGROUND**

This Court has already decided that UNM owns the Asserted Patents. *See UNM Rainforest Innovations v. ZyXEL Communications Corp.*, No. 6:20-cv-00522-ADA, Text Order (Jan. 27, 2021 W.D. Tex.) (the "*ZyXEL* Case"); *UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-cv-00143-ADA, Text Order (Feb. 9, 2021 W.D. Tex.) (the "*D-Link* Case"). The New Mexico state court action cited by Defendants will not impact this instant proceeding. Instead, Defendants' Motion to Stay is nothing more than an attempt to stay this case so the Patent Trial and Appeal Board ("PTAB") can issue a final written decision on the pending *inter partes* review petitions prior to trial in this case.

In this lawsuit, UNM asserts that Defendants infringe three patents which read on the IEEE 802.11ac wireless networking standard.[1] (Dkt. No. 1). The Asserted Patents were originally owned by the Industrial Technology Research Institute ("ITRI"), a quasi-governmental non-profit research entity subsidized by the Taiwanese government to support Taiwanese industry's efforts to become and remain globally competitive. ITRI is under the supervision of Taiwan's Ministry of Economic Affairs, or MOEA.

ITRI transferred the patents-in-suit via complete, unrestricted assignments to Sino Matrix Technology, Inc. ("Sino Matrix"), who in turn assigned all rights, title and interests in the patents-in-suit to UNM. *Id.* at ¶¶ 21-23, 28-30, 35-37. As the Court is well-aware, ZyXEL and D-Link filed motions to dismiss for lack of standing alleging that UNM did not own the Asserted Patents. *See ZyXEL* Case, Dkt. No. 19; *D-Link* Case, Dkt. No. 16. The Court flatly rejected this argument—twice—and denied both motions. *See ZyXEL* Case, Jan. 27, 2021 Text Order; *D-Link* Case, Feb. 9, 2021 Text Order. ITRI has refused to accept this Court's adjudication of patent ownership and has continued to falsely claim ownership to the Asserted Patents. These efforts by ITRI have negatively impacted UNM's ability to license the Asserted Patents outside of litigation. Accordingly, UNM brought a lawsuit in New Mexico state court seeking to enjoin ITRI from spreading falsehoods about the Asserted Patents and to collect damages from ITRI due to its slander of title regarding UNM's property.

This case is already far along into discovery. Fact discovery is set to close on July 16, 2021. Dkt. No. 34. This case is set for trial on November 8, 2021. *Id.* Meanwhile, QUALCOMM

---

[1] This case is one of five cases currently pending in this Court in which UNM asserts the same patents-in-suit. A sixth case against Apple was settled and dismissed in September of 2020. *See UNM Rainforest Innovations v. Apple Inc.*, Case No. 1:20-cv-351-ADA (W.D. Tex.) (the "*Apple* Case").

Incorporated ("Qualcomm")—Defendants' Wi-Fi Chip supplier and the party responsible for indemnifying Defendants—has filed IPR petitions against all three of the Asserted Patents. *See QUALCOMM Incorporated v. UNM Rainforest Innovations*, No. IPR2021-00377 (P.T.A.B. Dec. 28, 2020); *QUALCOMM Incorporated v. UNM Rainforest Innovations*, No. IPR2021-00375 (P.T.A.B. Dec. 28, 2020); *QUALCOMM Incorporated v. UNM Rainforest Innovations*, No. IPR2021-00582 (P.T.A.B. Dec. 28, 2020). A final written decision in the IPR petitions relating to the '204 Patent and the '096 Patent (if instituted) is not expected until July 21, 2022. A final written decision in the IPR petition relating to the '326 Patent (if instituted) is not expected until August 24, 2022.

## II. LEGAL STANDARD

Whether to stay a case falls within the Court's inherent discretional authority. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Ultimately, "the proponent has the burden to 'make out a ***clear case of hardship or inequity*** in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Neodron, Ltd. v. Dell Technologies, Inc., et. al.*, No. 1:19-CV-00819-ADA, Order Denying Motion to Stay at 2–3 (W.D. Tex. Dec. 16, 2019) (citations omitted) (emphasis added). In determining whether a stay is proper, the Court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Id.* (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)).

## III. ARGUMENT

Defendants' Motion to Stay falls far short of outlining a "clear case of hardship or inequity"

warranting a stay. The three factors for determining whether a stay should be granted weigh heavily against a stay in this case.

First, UNM would suffer prejudice if this case is stayed. UNM is entitled to have its claims for patent infringement resolved in a timely fashion. Trial in this case is set for November 8, 2021. There is no reason for further delay. Moreover, Defendants do not address that their indemnifying chip supplier Qualcomm (represented by the same counsel, Reed Smith LLP) has filed IPR petitions against the Asserted Patents. Notably, neither Defendants nor Qualcomm has expressed any intention to stay the IPR proceedings pending the resolution of any ownership disputes and *none* of the IPRs name ITRI as the Patent Owner. In fact, ZyXEL (also represented by the same Reed Smith counsel) argued to the PTAB in support of its motion for joinder to the Qualcomm IPR proceedings that the pending ownership dispute *should not* stop the PTAB from granting their motion for joinder and proceeding with the IPR proceedings. *See* Exhibit 1. Defendants true intentions could not be any more readily apparent. Defendants seek to delay this district court case while they move forward with their IPR proceedings despite the fact that ITRI is not the named Patent Owner in the IPRs.

Second, Defendants will suffer no prejudice or inequity if the Court denies the requested stay. Defendants are not parties to the New Mexico state court litigation. Accordingly, Defendants are not expected to expend any resources relative to the New Mexico state court litigation. Moreover, the New Mexico state court litigation is not expected to impact this case. The primary purpose of the New Mexico state court litigation is to enjoin ITRI from continuing to spread false claims of ownership to the Asserted Patents and to seek damages for ITRI's slanderous statements. This Court has already resolved the issue of patent ownership in parallel cases. To the extent Defendants wish to preserve error on this issue, they are free to bring a motion regarding UNM's

standing in this action. There is no need for this Court to wait on the New Mexico state court action.

Third, judicial economy weighs heavily against staying this case. Fact discovery is already far along in this case and this case is set for trial to begin on November 8, 2021. This Court is well versed in the Asserted Patents and has already adjudicated issues related to their ownership in related cases. To the extent Defendants wish to raise a challenge to UNM's ownership of the Asserted Patents, this Court is the proper forum to do so. Staying discovery in this case would only serve to disrupt judicial economy.

## IV. CONCLUSION

Defendants have not established a clear case of hardship or inequity that would warrant a stay of this case. Accordingly, Defendants' Motion to Stay must be denied.

Dated: June 10, 2021

Respectfully submitted,

By: /s/ *William D. Ellerman*
Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
**PARKER, BUNT & AINSWORTH, P.C.**
1000 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
Corey M. Lipschutz (Texas 24099303)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
wellerman@shorechan.com
clipschutz@shorechan.com

**COUNSEL FOR PLAINTIFF**
**UNM RAINFOREST INNOVATIONS**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the CM/ECF electronic filing system on June 10, 2021.

/s/ *William D. Ellerman*
William D. Ellerman

# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————————

In the Patent of:  **Yang, Xiu Zheng**, Shulin (TW);
**Ren-Jr Chen**, Hsinchu (TW);
**Chang-Lung Hsiao**, Hsinchu (TW);
**Pang-An Ting**, Fongyuan (TW)

U.S. Patent No: 8,265,096

Issue Date: September 11, 2012

Appl. Serial No.: 12/168,855

Filing Date: July 7, 2008

Title: METHOD FOR CONSTRUCTING FRAME STRUCTURES

———————————————

PTAB Case No. IPR2021-00734

Patent No. 8,265,096 B2

———————————————

**PETITIONER ZYXEL COMMUNICATIONS CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION FOR JOINDER UNDER 35 U.S.C.
§ 315(c), 37 C.F.R. § 42.22, AND 42.122(b)**

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................1

II.  JOINDER WOULD NOT RAISE A NEW OR IMPROPER ISSUE INTO THE QUALCOMM IPR................................................................................................2

III. ZYXEL'S MOTION IS NOT PREMATURE.................................................4

IV. CONCLUSION ...............................................................................................4

## I. INTRODUCTION

ZyXEL Communications Corporation ("ZyXEL" or "Petitioner") files this reply in support of Petitioner's Motion for Joinder Under 35 U.S.C. § 315(c), 37 C.F.R. §§ 42.22, and 42.0122, Paper No. 3 ("Motion") and in response to "Patent Owner UNM Rainforest Innovations' Opposition to Petitioner's Motion for Joinder" ("Opposition" or "Opp"), Paper 7. ZyXEL's Petition for *Inter Partes* Review of U.S. Patent No. 8,265,096, IPR2021-00734, Paper 1 ("ZyXEL's Petition") does not raise any issues for the Board to decide beyond those raised in *Qualcomm Incorporated v. UNM Rainforest Innovations*, IPR2021-00375, Paper 1 (December 28, 2020) ("Qualcomm's Petition"), which also seeks *inter partes* review of U.S. Patent No. 8,265,096 ("the '096 patent"). Importantly, and contrary to the primary argument in the Opposition, ZyXEL's Motion does not seek to have the Board decide the issue of ownership of the '096 patent, and ZyXEL's Petition does not raise any additional grounds of unpatentability of the '096 patent. Rather, the grounds for invalidity and discussion of those grounds in ZyXEL's Petition are exactly the same as those in Qualcomm's Petition. Nevertheless, UNM opposes joinder, asserting that ZyXEL's Petition raises an issue of ownership that was not raised in Qualcomm's Petition and would be improper before the Board. Opp. at 1. This argument is unfounded, because ZyXEL, in its position as a joined petitioner,

does not attempt and will not attempt to introduce the issue of ownership into Qualcomm's IPR.[1] *See* Opp. at 2.

UNM also urges the Board to deny the Motion as premature, because the Board has not yet made an institution decision on the Qualcomm IPR. Opp. at 5. This argument fares no better. ZyXEL's Motion was filed within the regulatory deadline set forth under 37 C.F.R. § 42.122(b), and that is all that is necessary.

## II. JOINDER WOULD NOT RAISE A NEW OR IMPROPER ISSUE INTO THE QUALCOMM IPR

As stated in ZyXEL's Motion and as is apparent from a comparison of ZyXEL's Petition with Qualcomm's Petition, ZyXEL's Petition relies on the exact same prior art references, arguments, and expert as those in Qualcomm's Petition.

In an attempt to create an issue where one does not exist, UNM has latched onto the fact that ZyXEL's Petition does not to refer to UNM as "the patent owner." Opp. at 1. This is of no moment. Indeed, UNM did not – and cannot – identify a single statement, argument, or request in ZyXEL's Petition that asks the Board to decide the issue of ownership of the '096 patent, because ZyXEL does not seek to have Board do so in this proceeding. ZyXEL asks the Board to decide only the same issues of invalidity of the '096 patent as those raised in the Qualcomm Petition.

---

[1] ZyXEL reserves all rights to challenge ownership of the '096 patent in the ongoing district court litigation between UNM and ZyXEL.

UNM's reliance on *Unified Patents Inc., v. C-Cation Technologies, LLC*, IPR2015-01045, Paper 15 at 7, is misplaced. There, although Unified Patents' petition asserted the same invalidity grounds and presented the same arguments as a petition previously filed by a third party, C-Cation argued in its preliminary response that Unified Patents had failed to identify all of the real parties in interest. When Unified Patents sought to join the earlier filed petition, C-Cation argued that joinder was improper because Unified Patents' petition introduced an additional issue beyond that in the earlier-filed petition – one concerning the issue of the identities of the real parties in interest. The Board agreed with C-Cation and concluded that introducing the real parties in interest issue into the previously-filed petition would shift "the focus away from the substantive issue to be addressed" and therefore denied Unified Patents' motion for joinder.

By contrast, ZyXEL's Petition has not introduced any real party in interest issue, and the *Unified Patents* decision is simply inapposite. To be sure, UNM's attempt to apply the rationale of the *Unified Patents* decision here fails in any event because, as noted above, ZyXEL's has not introduced ownership as an issue either. Therefore, ZyXEL's petition does not raise any issue that would shift "the focus away from the substantive issue to be addressed--the patentability" of claims 1-4 and 6-8 of the '096 patent, and ZyXEL's Motion is proper. *See Unified Patents Inc., v. C-Cation Technologies, LLC*, IPR2015-01045.

## III. ZYXEL'S MOTION IS NOT PREMATURE

UNM argument that the Motion is premature likewise fails. Opp. at 5-6. ZyXEL's motion is timely because it was filed "no later than one month after the institution date" of the Qualcomm IPR. 37 C.F.R. § 42.122(b). *Central Security Group – Nationwide, Inc. v. Ubiquitous Connectivity, LP* is instructive. There, the Board rejected the same argument that UNM makes here and granted a motion for joinder to an IPR proceeding that was not instituted until after the motion for joinder was filed, explaining that § 42.122(b) is "[t]he only timing requirement for a motion for joinder." *Central Security Group – Nationwide, Inc. v. Ubiquitous Connectivity, LP*, IPR2019-01609, Paper 11, at 8–9 (P.T.A.B. Feb. 26, 2020); *see also Dell Inc. v. Neodron Ltd.*, IPR2020-00731, Paper 9, at 5 (P.T.A.B. July 31, 2020). UNM does not cite any Board decisions denying a conditional motion for joinder as premature. Accordingly, UNM's argument is meritless.

## IV. CONCLUSION

For the foregoing reasons, ZyXEL respectfully requests that the Board grant its Motion for Joinder.


Dated: May 25, 2021            Respectfully submitted,

                               /s/ *Jonathan I. Detrixhe*
                               Lead Counsel
                               Jonathan I. Detrixhe (Reg. No. 68,556)
                               Reed Smith LLP
                               101 Second Street

-4-

Suite 1800
San Francisco, CA 94105
Tel: 415.543.8700
Fax: 415.391.8269
jdetrixhe@reedsmith.com

Back-up Counsel
Jonah D. Mitchell (will seek *pro hac vice* admission)
Christine M. Morgan (will seek *pro hac vice* admission)
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
Tel: 415.543.8700
Fax: 415.391.8269
jmitchell@reedsmith.com
cmorgan@reedsmith.com

Peter J. Chassman (Reg. No. 38,841)
Reed Smith LLP
811 Main Street
Suite 1700
Houston, TX 77002
Tel: 713.469.3800
Fax: 713.469.3899
pchassman@reedsmith.com

Ismail C. Kuru (will seek *pro hac vice* admission)
Reed Smith LLP
10 S. Wacker Dr. 40th Floor
Chicago, IL, 60606
Tel: 312.207.1000
Fax: 312.207.6400
ikuru@reedsmith.com

Martha Hopkins (Reg. No. 46,277)
Law Offices of S.J. Christine Yang
17220 Newhope Street

-5-

Suites 101-102
Fountain Valley, CA 92708
Tel: 714-641-4022
Fax: 714-641-2082
mhopkins@sjclawpc.com

Victoria Hao (Reg. No. 47,630)
Law Offices of S.J. Christine Yang
17220 Newhope Street
Suites 101-102
Fountain Valley, CA 92708
Tel: 714-641-4022
Fax: 714-641-2082
vhao@sjclawpc.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

Pursuant to 37 C.F.R. §§ 42.6(e)(4) and 42.25(b), the undersigned certifies that on May 25, 2021, a complete copy of *Petitioner's Reply In Support Of Its Motion For Joinder Under 35 U.S.C. § 315(c), 37 C.F.R. § 42.22, and 42.122(b)* was filed electronically through the Patent Trial and Appeal Board's PTABE2E System and provided, via electronic service, to UNM Rainforest Innovations by serving the correspondence address of record as follows:

Jay P. Kesan (jkesan@dimuro.com)

Alfonso G. Chan (achan@shorechan.com)

Dated: May 25, 2021

Respectfully submitted,

/s/ *Jonathan I. Detrixhe*
Jonathan I. Detrixhe (Reg. No. 68,556)
Reed Smith LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
Tel: 415.543.8700
Fax: 415.391.8269
jdetrixhe@reedsmith.com
*Counsel for Petitioner*