# EXHIBIT 2

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**6/9/2021 4:54 PM**
**CLERK OF THE COURT**
**Gena Lopez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**


**UNM RAINFOREST INNOVATIONS,**

    **Plaintiff,**

**v.**                                                                        **No. D-202-CV-2021-02803**

**INDUSTRIAL TECHNOLOGY RESEARCH**
**INSTITUTE, ITRI INTERNATIONAL INC.,**
**and PENG-YU WANG,**

    **Defendants.**


**DEFENDANTS' RULE 1-012 MOTION TO DISMISS FOR LACK OF**
**PERSONAL JURISDICTION AND FORUM NON CONVENIENS**

Plaintiff UNM Rainforest Innovations ("UNMRI") is represented by the law firm of Shore Chan LLP—the same law firm that previously represented defendant Industrial Technology Research Institute ("ITRI") in asserting U.S. Patent Nos. U.S. Patent Nos. 8,249,204 (the "'204 Patent"), 8,265,096 (the "'96 Patent"), 8,565,326 (the "'326 Patent"), 8,279,812 (the "'812 Patent") (together, the "Patents-At-Issue") against electronic giants such as LG Electronics. This means Plaintiff and its counsel knew or should have known that ITRI, ITRI International Inc. ("II"), and Peng-Yu Wang ("Mr. Wang") (together, "Defendants") have no offices, equipment, warehouses, real property, bank accounts, nor any employees or other personnel within the State of New Mexico. Plaintiff and its counsel also knew or should have known that Defendants have not entered into any legally binding agreements within the State of New Mexico in over a decade, that no Defendant has ever conducted business relating to the ownership of the Patents-At-Issue within the State of New Mexico, and they have no agreements with the University of New Mexico, UNMRI, or any other parties within the State of New Mexico concerning the Patents-At-Issue. Not one of the Defendants has ever entered the State of New Mexico to transact any business concerning any of the Patents-At-Issue, and the Complaint does not contain a single alleged contact between any Defendant and the State of New Mexico. Because Plaintiff's Complaint makes a mockery of basic constitutional due process protections, Defendants file this Motion to Dismiss for Lack of Personal Jurisdiction and Forum Non Conveniens pursuant to 1-012(B) NMRA.

## I.    FACTUAL BACKGROUND

The facts in this case are straightforward. ITRI is a government-endowed non-government organization located in Taiwan. Wang Declaration, **Exhibit 1, ¶ 3.** Mr. Wang is the General Counsel of ITRI and himself a resident of Taiwan. **Ex. 1, ¶ 2.** II is an organization that is separate from ITRI. **Ex. 1, ¶ 16.** II is located in San Jose, California. **Ex. 1, ¶ 3.** It has never owned any

of the Patents-At-Issue, never participated in the assignment of the Patents-At-Issue, nor ever made any statements concerning the ownership of the Patents-At-Issue. **Ex. 1, ¶s 17-19.**

Defendants ITRI, II, and Mr. Wang have no offices, warehouses, other facilities, or any other established point of contact within the State of New Mexico. **Ex. 1, ¶ 5**. None of the Defendants have done business with Plaintiff, UNM Rainforest Innovations, or any other entity in the State of New Mexico concerning any of the Patents-At-Issue. **Ex. 1, ¶ 6.** Defendants are not citizens of the State of New Mexico. **Ex. 1, ¶ 4.** They have no employees within this state, nor do they own any real property or maintain any bank accounts within the State of New Mexico. **Ex. 1, ¶s 7-9**.

On October 31, 2017, ITRI entered into a Technology Patent Assignment Contract and a Supplemental Amendment simultaneously with Sino Matrix Technology Inc. (collectively, "assignment agreement")(**Exhibit 2, translation of Contract, redacted[1]**) Both ITRI and Sino Matrix are Taiwan organizations that are physically located in Taiwan. **Ex. 1, ¶ 11.** The original assignment agreement between them is written in Chinese, is governed by Taiwan law, and specifies that any dispute related to the assignment agreement must be exclusively resolved by the courts in Taiwan. **Ex. 1, ¶ 12.** The assignment also contains restrictions that limit Sino Matrix's right to subsequently transfer the Patents-At-Issue. *Id*. And because Sino Matrix violated those restrictions, ITRI commenced judicial proceedings in Taiwan to enforce the terms of the agreement. **Ex. 1, ¶ 14**. II is not involved in these Taiwan judicial proceedings, and it has never made statements concerning or taken any action respecting the ownership of the Patents-At-Issue. **Ex. 1, ¶s 14 & 17-19.** Plaintiff UNMRI was not a party to the assignment between ITRI and Sino

---

[1] **Exhibits 2** and **3** are attached in redacted format. Defendants are contemporaneously filing a motion to file unredacted copies of Exhibits 2 and 3 under seal.

Matrix. **Ex. 1, ¶ 21**. Not one of the activities that any Defendant is alleged to have undertaken took place in the State of New Mexico, and there is no and has never been any agreement of any kind between any of the Defendants and Plaintiff. **Ex. 1, ¶ 21.**

## II.    LEGAL AUTHORITIES

### A.  Conclusory Assertions are Insufficient to Support a Court's Exercise of Personal Jurisdiction.

It is black letter law that conclusory assertions, without more, are not sufficient to support a court's exercise of personal jurisdiction.  As multiple courts have explained, "[w]hen a timely challenge is raised under Rule 1-012(B)(2) contesting the existence of personal jurisdiction, the party asserting jurisdiction has the burden of establishing such fact." *Doe v. Roman Catholic Diocese of Boise, Inc.*, 1996-NMCA-057, ¶ 9, 121 N.M. 738, 742, 918 P.2d 17, 21.  The responding party cannot merely rely on its pleadings but must come forward with proper evidence detailing specific facts that establish jurisdiction. *Id.*, ¶ 10.

### B.  The Exercise of Personal Jurisdiction Must Comply with Due Process Protections.

Generally, New Mexico courts apply a three-part test to determine whether personal jurisdiction exists over a non-resident defendant: (1) the defendant's acts must be enumerated in the New Mexico long-arm statute; (2) the plaintiff's cause of action must arise from the defendant's acts; and (3) the facts must establish minimum contacts to satisfy constitutional due process concerns.  *Doe, supra,* ¶ 12.  "Thus, for the court to find personal jurisdiction, a plaintiff must allege an occurrence that falls within the long-arm statute, and the court must find the requisite minimum contacts to comport with due process." *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 49, 131 N.M. 772, 788, 42 P.3d 1221, 1237 (citation omitted).  "In applying this test," the analysis of whether the defendant actions satisfy the long-arm statute "merges with the inquiry regarding whether such activities

constitute minimum contacts sufficient to satisfy due process concerns." *Tercero v. Roman Catholic Diocese of Norwich, Connecticut,* 2002-NMSC-018, ¶ 8, 132 N.M. 312, 316, 48 P.3d 50, 54. That is to say, New Mexico's long-arm statute does not permit the exercise of personal jurisdiction that violates due process: courts "search for the outer limits of what due process permits . . . because New Mexico's long-arm statute will extend as far as the constitution allows." S*anta Fe Techs., Inc., supra,* ¶ 13 (cleaned up).

The Supreme Court has long differentiated between two types of personal jurisdiction: general personal jurisdiction and specific personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction may be exercised over foreign defendants only "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a corporation, "at home" has been defined as its principal place of business or place of incorporation. *Daimler, supra,* 571 U.S. at 137. For individuals, it is the individual's domicile. *Goodyear,* 564 U.S. at 924.

For specific jurisdiction to be exercised over a defendant, a plaintiff's cause of action must have arisen from activities by the defendant in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Due process requires that an out-of-state defendant have "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum" so that it should "reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

### III.    ARGUMENT

#### A.    Plaintiff fails to state a claim against II.

Plaintiff's theory against II appears to be that it shares a name with ITRI, but these organizations are distinct. Claims that are directed to the purported conduct of ITRI do not, without more, implicate II.  While Plaintiff claims, without any support, that II is the "alter ego" of ITRI, that claim is simply untrue.  The inventors of the Patents-At-Issue did not work for II. They did not assign their ownership interests to II.  II was not involved in the assignment between ITRI and Sino Matrix. And II is not involved in the Taiwan judicial proceeding launched by ITRI.  Plaintiff does not suggest otherwise.  It cannot.  And that means Plaintiff cannot have a claim against II.

#### B.    Plaintiff alleges no fact upon which personal jurisdiction can be exercised.

None of the three defendants in this litigation are subject to general jurisdiction in this forum.  ITRI is a non-profit institute establishes under the laws of Taiwan. II is a corporation organized under the laws of California.  Both ITRI's and II's principal places of business are outside of New Mexico. Compl. ¶¶ 13-14. Mr. Wang is a resident and citizen of Taiwan. Compl. ¶ 16. For the Defendants to be lawfully hauled into court in New Mexico, UNMRI must show that specific jurisdiction exists. It cannot.

UNMRI alleges no activity by Defendants in New Mexico that relate to UNMRI's causes of action.  This is because none exists.  Defendants have no presence within the State of New Mexico, and they have not entered into any agreements or transactions with the University of New Mexico or UNMRI.

None of the initial assignments (whether from the inventors to ITRI or from ITRI to Sino Matrix) took place in, or were directed to, New Mexico.  While Sino Matrix purported to assign the Patents-at-Issue to entities that are purportedly affiliated with the University of New Mexico,

Defendants were not involved in and had no knowledge of Sino Matrix's transaction with UNMRI until after it took place.[2]  And Sino Matrix's purported assignment of the Patents-At-Issue to entities purportedly affiliated with the University of New Mexico cannot be used as a basis to exercise personal jurisdiction over Defendants.

Defendants did not commit and have not committed any actionable activities within the state of New Mexico.  The patent assignments in which ITRI was involved occurred in Taiwan (II and Mr. Wang were not parties to any of the patent assignments).  And even UNMRI's baseless allegations in the Complaint are directed to activities that took place outside the State of New Mexico.  Defendants did not commit any tortious activity in or directed to New Mexico. Defendants have not purposefully availed themselves of the benefits or protections of this state in connection with the Patents-At-Issue, nor could Defendants reasonably anticipate being hauled into court in New Mexico. It is difficult to imagine a more clear-cut case of lack of personal jurisdiction.  Plaintiff effectively asks the Court to ignore settled constitutional due process protections and the absence of any fact to support the Court's exercise of personal jurisdiction. The request is irresponsible and invites error. Defendants are not subject to personal jurisdiction in New Mexico.

### C.     This Case Should Also be Dismissed Based on Forum Non Conveniens

Apart from Plaintiff's failure to allege any basis for exercising personal jurisdiction over any of the Defendants, the common law doctrine of forum non conveniens also favors dismissal. The governing patent assignment agreement is between ITRI and Sino Matrix.  These entities are

---

[2] Through its counsel, which previously represented ITRI, UNMRI makes numerous sweeping, false, and irresponsible claims against Defendants. While the Court need not address the merits of those assertions to decide this Motion to Dismiss, Defendants deny Plaintiff's allegations. And it is those groundless assertions by UNMRI that are false.

located in Taiwan, as are their employees. The assignment document is written in Chinese, must be interpreted according to the laws of Taiwan, and it specifies that all disputes relating to the agreement must be resolved by a Taiwan court. Not one of these facts point to the State of New Mexico as an appropriate forum for addressing Plaintiff's claims. As the Supreme Court of New Mexico has explained, "[t]he doctrine of forum non conveniens allows a court that has jurisdiction over the parties and subject matter involved to decline to exercise jurisdiction when trial in another forum 'will best serve the convenience of the parties and the ends of justice.' *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947)." *Marchman v. NCNB Texas Nat. Bank*, 1995-NMSC-041, ¶ 31. The "central focus of the forum non conveniens inquiry is convenience." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981).

In weighing dismissal under this standard, New Mexico courts consider the private and public interest factor articulated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). *See Marchman*, ¶ 31. The "private interest" factors require consideration of: (1) whether access to sources of proof is easier in Taiwan; (2) whether compulsory process for attendance of unwilling witness is available in Taiwan; (3) whether costs of securing the presence of witnesses is lower in Taiwan; (4) whether the enforceability of any judgment in Taiwan is as good or better than in New Mexico; and (5) whether practical problems favor litigating the case in Taiwan rather than New Mexico. *Id.,* ¶ 32. The "public interest factors to consider include: (1) whether the burden of jury duty is more appropriately placed on the citizens of Taiwan; (2) whether the administrative burden is less in Taiwan; (3) whether Taiwan has a greater interest in deciding this case; and (4) whether the law of Taiwan will control this case. *Id.*, ¶ 33. These factors also favor dismissal.

7

*1.    Taiwan is an alternative forum that is both available and adequate.*

As UNMRI concedes, this litigation turns on the interpretation of a contract executed by ITRI and Sino Matrix (the "ITRI Assignment"). *See* Compl. ¶ 54.  The ITRI Assignment is written in Chinese, Compl. ¶ 54 and must be interpreted according to Taiwan law. It is the interpretation of this contract that will determine what rights, if any, Sino Matrix was permitted to convey to UNMRI.  This reason, among others, is what prompted the parties to select Taiwan courts as the forum for adjudicating any disputes relating to the ITRI Assignment.  Taiwan is not only an available forum, it is the only reasonable forum for this action.

ITRI, Mr. Wang, and Sino Matrix are all residents of Taiwan. While II is based in San Jose, California, it has no information concerning Plaintiff's claims.  UNMRI's claim that II is the "alter ego" of ITRI is false and without any factual support.  And the recent decision by the Western District of Texas cited by UNMRI in its complaint, Compl. ¶ 15, does not change the analysis. Judge Albright **did not** determine that II is the alter ego of ITRI.  His Order is directly only to the question of whether a third party such as ITRI may be served through II's registered agent. *See UNM Rainforest Innovations v. Apple Inc.*, No. 1:20-cv-351-ADA, Dkt. No 27 (W.D. Tex. Nov. 3, 2019).  Judge Albright's Order does not state or suggest that II has any connection to UNMRI's claims.

All of Defendants' relevant documents, witnesses, and other discoverable information will not be located in the United States but will be located in Taiwan.  These witnesses will likely require translators, as will their documents. And the presentation of witnesses—either for deposition, hearings, or trial—will be challenging because Taiwan is 14 hours ahead of New Mexico (meaning daytime in New Mexico is nighttime is Taiwan).  By contrast, because UNMRI was not a party to the ITRI Assignment, it is unclear what relevant information or witness, if any, it has on the assignment issue.

8

> 2.    *The Gulf Oil factors warrant dismissal of this case.*
>
> A.    *Private Interest Factors*

(1) Access to sources of proof is much easier in Taiwan because many of the witnesses and documents are located in Taiwan; few, if any, are in New Mexico.

(2) Because no witness of Sino Matrix or ITRI, the two parties involved in the ITRI Assignment, is in the United States or New Mexico, compulsory process is very difficult in New Mexico. Compulsory process, if any such service is necessary, is likely more widely available in Taiwan than in the United States because the witnesses are residents of Taiwan.

(3) Costs of securing the presence of witnesses in Taiwan are much less since many of the witnesses are located there.

(4) Any judgment between the parties is more easily enforceable in Taiwan because that is where ITRI's assets are.

(5) Numerous practical problems favor litigating this case in Taiwan, as described in this brief. Even conducting depositions or a hearing in New Mexico is very difficult given, among other things, the COVID-19 travel restrictions, the 14-hour time difference, the need for translators into English, and the need for the Court to apply Taiwanese law.

Proceeding with this litigation in New Mexico would place undue burden on ITRI , II, and Mr. Wang and prejudice their ability to call witnesses—most of whom are also residents of Taiwan. These witnesses speak Mandarin (which means they will require the services of translators). Because UNMRI is unlikely to have information relevant to assignment transactions in which they had no involvement, the private factors favor dismissal for forum non conveniens.

### B.    Public Interest Factors

The public interest factors also favor dismissal. New Mexico has little interest in expending administrative time and resources resolving a dispute between Taiwanese litigants, over a transaction that took place in Taiwan, and that is governed by Taiwan laws.  This is especially true in view of the forum selection clause in the agreement.  And due to the need for interpreters, the time difference, and location of the evidence, litigating the case before this Court will present extensive logistical challenges and introduce unnecessary expense.

(1) The burden of court service is more appropriately placed on the courts of Taiwan because they have an interest in resolving disputes between organizations in Taiwan, over contracts written in Chinese, and interpreting and applying Taiwan laws and regulations.  By contrast, New Mexico citizens have no interest resolving such disputes.

(2) The administrative burden on the court system is substantial in New Mexico in light of the fact that much of the issues involve Taiwanese laws and interpreters.

(3) Taiwan has a much greater interest in the resolution of this case.

(4) Taiwan law controls much of this case.

## IV.    CONCLUSION

At its core, Plaintiff's Complaint is an egregious example of forum shopping.  There are already cases pending in Taiwan (to enforce the patent assignment agreement between ITRI and Sino Matrix) and the Western District of Texas (where UNMRI seeks recovery against multiple corporate defendants).  Litigating these issues in a third forum is inefficient, expensive, and a waste of this Court's resources. Plaintiff alleges no fact on which to base the exercise of personal jurisdiction over any Defendant.  It asserts no fact against II that would support a cognizable claim. And Plaintiff ignores facts that make this Court a grossly inconvenient and unfair forum. The Court should dismiss this action in its entirety.

Respectfully submitted,

**ATKINSON, BAKER & RODRIGUEZ, P.C.**

/s/ *Justin D. Rodriguez*
Justin D. Rodriguez, Esq.
Rebecca Sitterly, Esq.
201 Third Street NW, Suite 1850
Albuquerque, New Mexico 87102
(505) 764-8111
JRodriguez@ABRFirm.com
RSitterly@ABRFirm.com

-AND-

**CHEN LEFTWICH LLP**

Li Chen*
TX Bar No. 24001142
Nicole Burleson*
TX Bar No. 24116148
Office: 214.627.9950
Fax: 214.627.9960
lchen@chenleftwich.com
nburleson@chenleftwich.com
*To be admitted Pro Hac Vice*

*ATTORNEYS FOR DEFENDANTS*

<u>**CERTIFICATE OF SERVICE**</u>

We hereby certify that on this June 9, 2021, we filed the foregoing *Rule 1-012 Motion to Dismiss* electronically through the New Mexico E-filing System providing notice to all counsel of record.

/s/ *Justin D. Rodriguez*
Justin D. Rodriguez

11

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

UNM RAINFOREST INNOVATIONS,

      Plaintiff,

v.

INDUSTRIAL TECHNOLOGY RESEARCH
INSTITUTE, ITRI INTERNATIONAL INC., and
PENG-YU WANG

      Defendants.

No. D-202-CV-2021-02803

## DECLARATION OF PENG-YU WANG IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

My name is Peng-Yu Wang. My business address is Room 110-3, Building 51, 195, Sec. 4, Chung Hsing Rd. Chutung, Hsinchu, 31057, Taiwan. I declare under penalty of perjury pursuant to the laws of the State of New Mexico that I have personal knowledge of the following and that the following is true and correct.

1.     I am over 21 years old, I am of sound mind, and I am fully competent to make this Declaration and to testify to the matters stated herein. I have personal knowledge of the facts stated in this Declaration and affirm that they are true and correct.

2.     I am the General Counsel at the Industrial Technology Research Institute ("ITRI"). I have served as the General Counsel for ITRI since 2015. Because of my day-to-day job responsibilities, I am familiar with the operations of ITRI and ITRI International Inc. ("II") and I am an authorized representative of ITRI and II for the purposes of making this Declaration.

DECLARATION OF PENG-YU WANG IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Page 1

```
EXHIBIT

1
```

3.    ITRI is a government-endowed non-government organization located within Taiwan. It is a well-known research institute that has worldwide media exposure. II is the U.S. affiliate of ITRI and it is located in San Jose, California. The Peng-Yu Wang referenced in the Complaint refers to me.

4.    Neither ITRI, II, nor I are citizens of the State of New Mexico.

5.    Neither ITRI, II, nor I maintain any offices, warehouses, other facilities, or any other established point of contact within the State of New Mexico.

6.    None of the Defendants have done business with Plaintiff, UNM Rainforest Innovations or any other entity or organization or individual in the State of New Mexico concerning any of the Patents-At-Issue.

7.    Neither ITRI, II, nor I have any employees within the State of New Mexico.

8.    Neither ITRI, II, nor I own any real property within the State of New Mexico.

9.    Neither ITRI, II, nor I maintain any bank accounts within the State of New Mexico.

10.    Neither ITRI, II, nor I have entered into any legally binding agreements within the State of New Mexico in over a decade.

11.    With regard to the patents that are referenced in the Complaint, U.S. Patent Nos. 8,249,204, 8,265096, 8,565,326, and 8,279,812 (collectively, "the Patents at Issue"), these patents were the subject of a patent assignment agreement that ITRI entered into with a Taiwanese company called Sino Matrix Technology, Inc. ("Sino Matrix").

12.    The patent assignment agreement between ITRI and Sino Matrix is written in Chinese, is governed by Taiwan law, contains a number of restrictions that restrict Sino Matrix's

**DECLARATION OF PENG-YU WANG IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**Page 2**

ability to subsequently transfer the Patents at Issue, and it specifies that any dispute related to the assignment agreement must be exclusively resolved by the courts in Taiwan. The documents that are relevant to Plaintiff's claim are physically located in Taiwan (although electronic copies have been produced to Plaintiff in parallel federal court litigations pending in the Western District of Texas, subject to the Protective Order issued by that court).

13.    A true and correct copy of the certified translation of the patent assignment agreement between ITRI and Sino Matrix is attached as Exhibit 2 to the Motion to Dismiss.

14.    Because Sino Matrix violated the restrictions in the patent assignment agreement, ITRI initiated proceedings in the Taiwan Hsinchu District Court ("Hsinchu Court") to enforce the terms of the patent assignment agreement. II had and has no involvement with these judicial proceedings in Taiwan.

15.    On November 3, 2020, the Hsinchu Court issued a letter executing a provisional injunction to prohibit Sino Matrix and UNMRI from transferring the Patents at Issue ("Hsinchu Court Letter"). A true and correct copy of the Hsinchu Court Letter is attached as Exhibit 3 to the Motion to Dismiss.

16.    II is the U.S. subsidiary of ITRI, but it does not have authority to act on behalf of ITRI without ITRI's approval. It is more appropriately characterized as ITRI's U.S. liaison. It has never had any authority to act on behalf of ITRI concerning any of the Patents-At-Issue. And it is wrong to suggest that II is the alter ego of ITRI, whether in the context of the Patents-At-Issue or any other context.

17.    II has never owned any of the Patents-At-Issue.

**DECLARATION OF PENG-YU WANG IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Page 3

18. II has never been involved in the assignment of any of the Patents-At-Issue.

19. II has never made any statements concerning the ownership of any of the Patents-At-Issue.

20. II does not have any documents or witnesses that are relevant to the ownership of the Patents-At-Issue.

21. Neither ITRI, II, nor I have ever entered into any agreements with UNM Rainforest Innovations, whether concerning the Patents at Issue or concerning other physical or intangible property.

22. I reside in Taiwan, as do other employees of ITRI that may have information relevant to Plaintiff's allegations. There are no ITRI or II employee that would have information relevant to this dispute who resides in the State of New Mexico. All testimony from the defendants and their employees will be given in Chinese.

23. I did not see any allegation in Plaintiff's Complaint that specifies any direct contact between the State of New Mexico and ITRI, II, or me.

24. Taiwan is 14 hours ahead of the State of New Mexico, so access to proof and counsel will be very difficult for the defendants and, because of the pandemic, it will be very difficult for witnesses to travel to the State of New Mexico to attend hearings or other proceedings before the Court. And in the event such travel is permitted, each witness will be required to be quarantined after his / her return. The current quarantine period in Taiwan is two weeks. This imposes a significant financial hardship on Defendants and their witnesses.

**DECLARATION OF PENG-YU WANG IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**Page 4**

I declare under penalty of perjury under the laws of the United States and the State of New Mexico that the foregoing is true and correct.

Date: 6.7.2021
(M/D/Y)

_Peng-Yu Wang_
Peng-Yu Wang

**DECLARATION OF PENG-YU WANG IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Page 5



**TRANSPERFECT**

City of Gilbert, State of Arizona, County of Maricopa

I, Ryan Kueck, certify that I am a competent translator of the Chinese and English languages. I do not have any interest in the legal proceedings relating to this document. To the best of my knowledge and belief, the attached is a true and accurate translation of the file "ITRI_000208-ITRI_000220", the original of which is also attached hereto.

Ryan Kueck
May 5, 2021

EXHIBIT

2

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL

[stamp:] Original

SINO MATRIX TECHNOLOGY INC.

AND

INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE

**Technology Patent Assignment Contract**

201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL

## Technology Patent Assignment Contract

Parties to the contract are <u>Sino Matrix Technology Inc.</u> (hereinafter referred to as "Party A") and <u>Industrial Technology Research Institute</u> (hereinafter referred to as "Party B"). Parties A and B establish this contract regarding the assignment of specific patents and agree to the following terms:



201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL



Article 11: Consensus of Jurisdiction

If [the parties] are involved in a lawsuit due to this contract, both parties agree to Taiwan Hsinchu District Court as the court of first instance.

201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL

Parties to the contract

Party A: Sino Matrix Technology Inc.
　　　　Representative: Chang Chi-Ping
　　　　Position: Chairman of the Board
　　　　Address: 3F.-5, No. 371, Sec. 1, Guangfu Rd., East Dist., Hsinchu City
　　　　Unified Business No.: 16493727
　　　　[seal:] [illegible]
　　　　[seal:] [illegible]

Party B: Industrial Technology Research Institute
　　　　Representative: Liu Chung-Ming
　　　　Position: President
　　　　Address: No. 195, Sec. 4, Zhongxing Rd., Zhudong Township, Hsinchu County
　　　　Unified Business No.: 02750963
　　　　ITRI customer service hotline: 0800-45-8899
　　　　[seal:] Industrial Technology Research Institute President Liu Chung-Ming
　　　　[seal:] [Seal] of Industrial Technology Research Institute

October 31, 2017

201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]                    [stamp:] [bilingual text:] CONFIDENTIAL
Industrial Technology                            ITRI CONFIDENTIAL DOCUMENT
Research Institute                                 DO NOT COPY OR DISTRIBUTE
                        [handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
                                           [bilingual text:] CONFIDENTIAL

Attachment 1 Patent assignment list



Page 7 of 7
201752N0072A03_20171106_09:22:26_588

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*

SINO MATRIX TECHNOLOGY INC.

AND

INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE

Technology Patent Assignment Contract

Supplemental Agreement

ITRI

Industrial Technology
Research Institute
[barcode]
2017-56204

[bilingual text:] | ITRI CONFIDENTIAL DOCUMENT DO NOT COPY OR DISTRIBUTE

201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL

## Supplemental Agreement

   Parties to the agreement are Sino Matrix Technology Inc. (hereinafter referred to as "Party A") and Industrial Technology Research Institute (hereinafter referred to as "Party B"). Parties A and B signed the "Technology Patent Assignment Contract" (hereinafter referred to as "Assignment Contract") on October 30, 2017. Today, as Parties A and B need to supplement the "Assignment Contract", both parties agree to sign this agreement and abide by the following terms:



201752N0072A03_20171106_09:22:26_588

[logo] [bilingual text:]
Industrial Technology
Research Institute

[stamp:] [bilingual text:] CONFIDENTIAL
ITRI CONFIDENTIAL DOCUMENT
DO NOT COPY OR DISTRIBUTE
[handwritten:] *CONFIDENTIAL-OUTSIDE ATTORNEYS EYES ONLY*
[bilingual text:] CONFIDENTIAL

Parties to the agreement

Party A: Sino Matrix Technology Inc.
Representative: Chang Chi-Ping
Position: Chairman of the Board
Address: 3F.-5, No. 371, Sec. 1, Guangfu Rd., East Dist., Hsinchu City
Unified Business No.: 16493727
[seal:] [illegible]
[seal:] [illegible]

Party B: Industrial Technology Research Institute
Representative: Liu Chung-Ming
Position: President
Address: No. 195, Sec. 4, Zhongxing Rd., Zhudong Township, Hsinchu County
Unified Business No.: 02750963
ITRI customer service hotline: 0800-45-8899
[seal:] Industrial Technology Research Institute President Liu Chung-Ming
[seal:] [Seal of] Industrial Technology Research Institute

ITRI

October 31, 2017

Page 6 of 6

201752N0072A03_20171106_09:22:26_588

I, Neil Thomas SIMPKIN BA,

do hereby certify:

THAT I am Managing Director of RWS Group Ltd UK Translation Division, of Europa House, Chiltern Park, Chiltern Hill, Chalfont St Peter, Buckinghamshire, United Kingdom;

AND THAT to the best of RWS Group Ltd knowledge and belief, the attached document, prepared by one of its translators competent in the art and conversant with the English and Chinese languages, is a true and correct translation into the English language of the accompanying document.

Date: December 18, 2020

N. T. SIMPKIN

Managing Director – UK Translation Division

For and on behalf of RWS Group Ltd

EXHIBIT

3

**Taiwan Hsinchu District Court Civil Ruling**

2020 Cai-Quan-Zi No. 48

Movant

Namely Creditor  Corporate body Industrial Technology Research Institute

No. 195, Section 4, Zhongxing Road, Zhudong Township, Hsinchu County

Statutory Agent  Liu Wenxiong  Domicile Ditto

Agent  Chen Chaoyu  Room 125, Hall 52, No. 195, Section 4, Zhongxing Road, Zhudong Township, Hsinchu County

Attorney Zheng ▇

Attorney Li ▇

Opposite Party

Namely Debtor  Sino Matrix Technology Co., Ltd.

Building 3-7, No. 371, Section 1, Guangfu Road, Hsinchu City

Statutory Agent  Zhang Jiping  Domicile Ditto

Opposite Party

Namely Debtor  UNM Rainforest Innovations

Domicile: 101 Broadway Blvd NE, Suite 1100 Albuquerque, NM 87102 USA

Statutory Agent  Elizabeth J. Kuuttila

Domicile Ditto

For the provisional injunction matters among the above-mentioned parties, this court hereby rules as follows:

Main text



1                                                    Yao Department

███████████████████████████████████████

September 23, 2020

Judge of Civil Execution Division Cai Mengfang

This is the original.

In case of any objection to this ruling, please file a memorandum of complaint to this court within ten days upon service of this ruling. (An appeal fee of TWD 1,000 is required)

September 23, 2020

Clerk Jiang Jingling [stamp]

4                                                    Yao Department



UNM Rainforest Innovations
住101 Broadway Blvd NE, Suite 1100
Albuquerque, NM 87102 USA
Elizabeth J. Kuuttila